## UNITED STATES v. McCUNN et al.

District Court, S. D. New York. November 27, 1929.

Charles H. Tuttle, of New York City (Arthur H. Schwartz, of New York City, of counsel), for the United States.

M. Michael Edelstein, J. Edward Lumbard, Jr., and Francis A. McGurk, all of New York City, for defendants.

COLEMAN, District Judge. Defendants were brought to trial under an indictment charging them with conspiracy to violate the prohibition and tariff laws, and, on the third day, after the government had rested, a mistrial was declared and the jury discharged over the objection and exception of all the defendants on the ground that one of the jurors was related to the defendant McCunn. The present motion is made to discharge the defendants on the ground that to try them again would be putting them into jeopardy a second time. The only question presented is whether the circumstances presented a case of legal necessity for the discharge of the jury.

Defendant McCunn was the brother of the husband of the juror's aunt; i. e., he was the brother of the juror's uncle by marriage. This fact was not known to the juror before he was sworn, and was not known to the district attorney or to the trial judge until the third day of the trial, when the jury was discharged. It became known to the juror soon after the trial commenced, because he saw his uncle by marriage in the courtroom and recognized the similarity to the defendant and also the identity of name. The juror did not disclose the fact until after an anonymous communication had been sent to the district attorney, and he explained his failure to divulge the fact by saying that he was convinced that the relationship would not have interfered with his impartial and fair consideration of the case.

Upon the voir dire, the juror stated that he did not know any of the defendants, which was true, because up to that time he had never seen defendant McCunn. He was not asked whether he was related to any of the defendants, but unquestionably would have answered in the negative, because he was not then aware of the fact. He stated on the voir dire and again on being examined on the occasion of the discharge of the jury that he would render an impartial verdict and was capable of deciding the case fairly on the evidence.

The relationship did not, as a matter of law, disqualify the juror. The New York statute (Code Cr. Proc. § 377), which under the conformity act was applicable, provides that in certain cases of consanguinity and affinity disqualification shall result. The district attorney apparently concedes, however, that this relationship was not one of either consanguinity or affinity. It nevertheless made inevitable a condition of mind on the part of the juror which would tend to interfere with an impartial and disinterested consideration of the evidence and might even have affected the other jurors once the fact was disclosed in the courtroom. It is impossible to tell whether the relationship would have tended to influence the decision in favor of or adversely to the defendants. In all probability, the juror would have been reluctant to bring the distress upon his aunt's household which would have resulted from a conviction and perhaps imprisonment of her husband's brother. Whether he would have yielded to this feeling, or, in steeling himself against it, leaned too far in the other direction, cannot be de-

termined. Consider what the condition would have been in the jury room after the submission of the case. Would there not be a tendency on the part of the other jurors to discount any argument the relative might advance in favor of the defendant, or might they not be tempted to acquit the defendant in order to save the feelings of their colleague? It may be that the various tendencies might counteract each other so that the verdict would be an entirely fair and proper one. The fact remains, however, that the relationship would inevitably be a disturbing element in the determination of the jury and would necessarily prevent that disinterested, impartial consideration of the evidence which the law requires. Under these circumstances, I think that a case of legal necessity was presented, and that the trial judge wisely exercised his discretion to discharge the jury and hold the defendants for a new trial.

The above considerations apply to the defendants other than McCunn with only slightly less effect than to McCunn. All the defendants were charged with a conspiracy, and, if there had been a severance and a continuation of the trial of the other defendants, their acquittal or conviction would have been very important to McCunn. The same feelings and motives would have been likely in the minds of the jurors as though McCunn's guilt also was being determined, though perhaps to a slightly less degree. The disturbing factor would have been sufficiently strong, I believe, to prevent a distinterested consideration of the issues.

The motion to discharge the defendants is therefore denied.